UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 02-60096-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

    Plaintiff,
v.

IMRAN MANDHAI

    Defendant.
_____/



## MOTION TO DISMISS

The Defendant, IMRAN MANDHAI, hereby moves this Honorable Court for an order dismissing the Indictment in the instant case and as grounds therefore states:

### Statement of the Facts

The first government informant in this case was an individual by the name of Howard Gilbert who specifically targeted religious Muslims by speaking at the Darul Uloom Mosque to ensnare and entrap Muslims into illegal conduct so that Mr. Gilbert could justify his salary, attain notoriety and possible financial gain from his activities.

The government has revealed, contrary to the case agent's sworn testimony at Defendant's detention hearing, that Mr. Gilbert was a paid informant for the FBI, that he was closed or terminated as an informant on two occasions, at least once for violating his instructions regarding Defendant. He subsequently continued to pursue Defendant despite specific instructions to the contrary. He was thereafter reinstated as a paid informant on another case



Case 0:02-cr-60096-WPD   Document 70   Entered on FLSD Docket 08/07/2002   Page 2 of 6

USA vs. Mandhai
Case No. 02-60096-CR-DIMITROULEAS
Page 2 of 6

and again terminated for violating instructions, including his continued pursuit of Defendant.

Mr. Gilbert spoke at the Mosque and befriended Defendant, who was then 18 years of age. Mr. Gilbert, approximately 30 to 35 years old, presented himself as a highly skilled and trained but disaffected Marine, who would train any interested persons in legal self-defense, weapons use, and tactics to prepare for *Jihad* and to be self-sufficient. Defendant was befriended by Mr. Gilbert who took Defendant to several gun ranges and engaged in several "training" sessions.

Mr. Gilbert explained how the Marines were taught that it would be beneficial when invading or attacking a country to destroy the electrical grid and power systems capability, thereby creating chaos and weakening the target area. Mr. Gilbert explained that this could be done by targeting electrical transformer substations. Mr. Gilbert, in Defendant's company, explained his, Gilbert's plan, to the second informant in this case. Defendant is now charged with conspiring to carry out Mr. Gilbert's plan.

Mr. Gilbert presented himself at all times as a recent convert to the Muslim religion.

### Argument

1.  The First Amendment to the Constitution guarantees freedom of religion, speech and association.

2.  The government, through Mr. Gilbert and its second informant in the case, "Mohamed", also a Muslim paid informant, targeted members of the

Case 0:02-cr-60096-WPD   Document 70   Entered on FLSD Docket 08/07/2002   Page 3 of 6

USA vs. Mandhai
Case No. 02-60096-CR-DIMITROULEAS
Page 3 of 6

Muslim community and the members of Defendant's mosque by sending these informants into the mosque without any basis in fact to conclude that illegal activities were underway.

3. The First Amendment guarantees freedom from government restriction so long as the challenged conduct is not illegal.

4. It is without question that the associations, conversations, speeches and thoughts of the congregation members in general and of Defendant in particular were not arguably in violation of any law until Mr. Gilbert and then Mohamed inserted themselves into the equation by passing themselves off as devout Muslims, professing belief in the worldwide struggles by Muslims, and then subverting a religious teenager.

**Memorandum In Support of Motion**

5. Courts have routinely held that the interplay between the First Amendment and the enforcement of criminal laws does not excuse illegal conduct. In <u>Employment Division Department of Human Resources vs. Smith</u>, 494 US 872, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990), The Court upheld the denial of unemployment benefits to two members of the Native American Church who were fired because of their use of peyote, a controlled substance, during a religious ceremony. The Court noted that an individual's religious beliefs do not excuse him from compliance with an otherwise valid law, prohibiting conduct that the State is free to regulate.

The State is not free to regulate speech, thought, and religious beliefs. In <u>United States vs. Alibi</u>, 939 F.2d 244 (5th Circuit 1991) the Court denied a

Case 0:02-cr-60096-WPD   Document 70   Entered on FLSD Docket 08/07/2002   Page 4 of 6

USA vs. Mandhai
Case No. 02-60096-CR-DIMITROULEAS
Page 4 of 6

similar motion to dismiss because the investigation at issue <u>incidentally</u> targeted a specific religious group.  In that instance the government was investigating money laundering, clearly illegal activity.  In the instant case the government was investigating Islamic fundamentalism, clearly a legal and recognized variant of one of the world's great religions. (The government's resent tender of its expert's qualifications and opinions deals solely with the expert's opinion as to the meaning of *Jihad*.)  Thus the instant investigation targeted a specific religious group at its house of worship. The government targeted a Church.

The First Amendment protects the free exercise of religious beliefs. A regulation or policy that burdens such a sincerely held religious belief violates the Free Exercise Clause unless the government can demonstrate that the regulation advances an unusual important government goal, and that an exemption from the proposed government regulation would substantially hinder fulfillment of that goal, <u>Wisconsin vs. Yoder</u>, 406 US 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972).  Citing the above case the District Court determined in <u>United States vs. Ramon</u>, 86 F.Supp.2nd 665 (W.D. Texas 2000), that the Border Patrol policy of targeting individuals who had religious decals displayed on their trucks violated the free exercise clause of the First Amendment and was illegal.

The free exercise clause of the First Amendment, provides that "Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof..." Thus in <u>Church of the Luqumi Babalu</u>

Case 0:02-cr-60096-WPD   Document 70   Entered on FLSD Docket 08/07/2002   Page 5 of 6

USA vs. Mandhai
Case No. 02-60096-CR-DIMITROULEAS
Page 5 of 6

Aye, Inc. vs. City of Hialeah, 509 US 520, 113 S.Ct. 2217 124 L.Ed.2d 472 (1993), a City of Hialeah ordinance directed at the ritual slaughter employed in certain Santeria practices was held to be unconstitutional because it targeted the Santeria practice of ritual slaughter thereby impacting on the proponents of said religion in an unconstitutional fashion. The Court determined that the Santeria religion was targeted because of the way in which the challenged ordinance was enforced only against Santeria participants as opposed to other areas where animal slaughter and butchering occurred, such as butcher shops and meat markets. Similarly one would be hard pressed to find any church, synagogue or other religious hall or meeting place in which the government sent in undercover operatives to solicit perspective criminals without some probable cause to believe that real criminal activity, separate aaand apart from the religion or belief system itself, was afoot.

The Supreme Court stated in Brandenburg vs. Ohio, 395 US 444 89 S.Ct.1827 23 L.Ed.2d 430 (1969) that advocacy may be punished only if it is directed to inciting or producing imminent lawless action and is likely to incite or produce such action. The government must establish a knowing affiliation and a specific intent to further those illegal aims.

The government's policy in this and other instances of sending undercover and overt law enforcement agents to Mosques has and will have a chilling effect on the free exercise of religion and of association at both targeted and untargeted mosques, churches and synagogues.

USA vs. Mandhai
Case No. 02-60096-CR-DIMITROULEAS
Page 6 of 6

The entire congregation was targeted by a rogue government informant. Such conduct is repugnant.

WHEREFORE the Defendant requests that this Court grant this motion and enter an order dismissing the indictment.

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to all counsel listed below on this 5 day of August, 2002.

I FURTHER CERTIFY that I have discussed this Motion with AUSA Jeff Sloman who is opposed to the relief sought herein.

                        DeFABIO and FENN, P.A.
                        Attorneys for Defendant Mandhai
                        2121 Ponce de Leon Blvd., S-430
                        Coral Gables, Florida 33134
                        (305) 448-7200/444-0913

By: _____
     LEONARD P. FENN, ESQUIRE
     F.B.N. 237337

## SERVICE LIST

AUSA Jeffrey Sloman
500 E. Broward Blvd., Suite 700
Ft. Lauderdale, Florida 33301
(954) 356-7255  Ext 3576

Philip Horowitz
Two Datran Center, Suite 1910
9130 S. Dadeland Blvd.
Miami, Florida 33156
(305) 232-1949
(305) 232-1963 Fax
(Counsel for Shueyb Mossa Jakhan)

DeFabio and Fenn, P.A. 2121 Ponce de Leon Blvd. S-430, Coral Gables, Fl. 33134. (305) 448-7200 – Fax(305) 444-091