UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:  02-60096-CR-DIMITROULEAS



UNITED STATES OF AMERICA,

      Plaintiff,

v.

IMRAN MANDHAI

      Defendant.

_____/

## REQUEST FOR EVIDENTIARY HEARING
## OBJECTION TO TESTIMONIAL HEARSAY

The Defendant, IMRAN MANDHAI, hereby moves this Honorable Court for an order granting an evidentiary sentencing hearing regarding the testimonial hearsay evidence contained in the Pre-Sentence Investigation report, whether "reliable" or not.

### Testimonial Hearsay is Inadmissible.

The law regarding hearsay has changed since the original sentencing in this cause. The Supreme Court determined, in Crawford v. Washington, 124 F. Ct. 135 (2004), that the Sixth Amendment clause guaranteeing that a defendant may confront the witnesses against him precludes the admission of testimonial hearsay whether deemed to be reliable or not. No out of Court statement is admissible unless and until the witness has been cross examined.

Prior to this ruling, Eleventh Circuit case law provided for admission of "reliable" hearsay at sentencing, United States v. Wilson, 183 F. 3rd 1291 (11th Cir. 1999). See also United States v. Castalanos, 904 F. 2nd 1495 (11th Cir.

DeFabio and Fenn. P.A. 2121 Ponce de Leon Blvd. S-430, Coral Gables, Fl. 33134. (305) 448-7200 – Fax(305) 444-0913



USA vs. Mandhai
Case No. 02-60096-CR-DIMITROULEAS
Page 2 of 3

1990); the District Court may rely on hearsay "as long as the evidence has sufficient indicia of reliability, the Court makes explicit findings of facts as to credibility, and the Defendant has an opportunity to rebut the evidence." In Crawford, supra, the Supreme Court clearly linked the right to confront one's accusers with the right to cross examine a live witness, as opposed to merely an opportunity to rebut the evidence.

The use at the upcoming sentencing of double and triple hearsay (as recounted in the Presentence Investigation Report), detailing the meetings, statements and evidence derived from the confidential informants, Gilbert and Mohammed, is equivalent to the use of ex-parte examinations as evidence, the principal evil at which the confrontation clause was directed, Crawford, supra. Testimonial statements of a witness not appearing at trial are inadmissible absent proof that the witness was unable to testify, *and* that the defendant had a prior opportunity for cross examination. The Court rejected all reliability determinations as an alternative to cross examination, finding that reliability was an impermissibly amorphous, and entirely subjective, concept. The Court plainly stated that where testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation.

Although Washington, supra, only established a bright line rule for admissibility of testimonial hearsay at trial, in doing so it rejected this circuit's basis for admissibility of hearsay at sentencing, reliability. A judge's determination that testimonial hearsay is sufficiently reliable to be admitted

USA vs. Mandhai
Case No. 02-60096-CR-DIMITROULEAS
Page 3 of 3

and therefore considered and relied upon by the fact finder is just as amorphous and improperly subjective at sentencing as at trial.

Accordingly Defendant objects to all of the testimonial hearsay contained in the Pre-Sentencing Investigation report that Defendant did not admit during his plea colloquy.

WHEREFORE the Defendant requests that this Court enter an Order prior to the sentencing herein directing the Government to produce witnesses to testify that will be subject to cross examination at the sentencing herein.

I HEREBY CERTIFY that a true and correct copy of the foregoing was faxed and mailed to AUSA Jeffrey Sloman, (305) 350-7950, 99 N.E. 4th Street, Miami, Fl 33132 on this 8 day of October, 2004.

I FURTHER CERTIFY that I discussed the contents of this Motion with AUSA Sloman and that he is opposed to it.

DeFABIO and FENN, P.A.
Attorneys for Defendant Mandhai
2121 Ponce de Leon Blvd., S-430
Coral Gables, Florida 33134
(305) 448-7200/444-0913

By:_____
LEONARD P. FENN, ESQUIRE
F.B.N. 237337